IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-07-0690 |
| DARIUS CRAYTON HUNTER, § | |
| HUNTER PETROLEUM, INC., § | |
| VERONICA GUADALUPE CORTINES, § | |
| and GERONIMO TORRES III, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Defendant Darius Crayton Hunter's and Defendant Hunter Petroleum, Inc.'s and Defendant Veronica Guadalupe Cortines' Motions to Transfer Venue (Docket Entry Nos. 11 and 13). For the reasons stated below, defendants' motions will be granted, and this case will be transferred to the Corpus Christi Division of the United States District Court for the Southern District of Texas.

**I. Background**

This is an insurance coverage dispute. Plaintiff, RLI Insurance Company ("RLI"), brought this action seeking a declaration of its rights and obligations under an insurance contract with regard to an underlying lawsuit in the 229th Judicial

District Court in Duval County, Texas.[1]  The underlying lawsuit was brought by defendants Veronica Guadalupe Cortines and Geronimo Torres III, against defendants Darius Crayton Hunter ("Hunter") and Hunter Petroleum, Inc. for personal injuries arising from an August 7, 2006, motor vehicle accident in Duval County in which a motor vehicle driven by Torres and in which Cortines was a passenger collided with a motor vehicle owned by Hunter Petroleum, Inc. and driven by Hunter.[2]  All defendants now move the court to transfer the instant action to the Corpus Christi Division of the United States District Court for the Southern District of Texas under 28 U.S.C. § 1404(a).

## II. Analysis

Section 1404(a) allows district courts to transfer an action to another proper venue "for the convenience of parties and witnesses" if such a transfer will be "in the interest of justice." 28 U.S.C. § 1404(a) (2006).  "The determination of 'convenience' turns on a number of private and public factors, none of which are given dispositive weight."  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).  These factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

---

[1] Original Complaint for Declaratory Judgment, Docket Entry No. 1.

[2] Id. at 2-3.

attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws and of the application of foreign law.  Id.

The court is persuaded that the convenience of the parties and the witnesses weighs in favor of transfer to the Corpus Christi Division.[3]  All defendants and potential witnesses are residents of counties approximately 50 miles from the Corpus Christi courthouse.[4]  Defendants have shown that travel to Houston would be

---

[3] There is no question that this action might have been brought in the Corpus Christi Division under 28 U.S.C. § 1391(a) because all defendants reside in that judicial division.

[4] Defendant Darius Crayton Hunter's and Defendant Hunter Petroleum, Inc.'s Motion to Transfer Venue, Docket Entry No. 11, p. 2.  Although plaintiff contends that this action is one that "should be resolved by dispositive motions" supported by affidavits and depositions that can be taken anywhere, this is not evident from the parties' filings.  Plaintiff RLI Insurance Company's Consolidated Response to Defendant Darius Crayton Hunter and Hunter Petroleum, Inc.'s Motion to Transfer Venue and Defendant Veronica Guadalupe Cortines' Motion to Transfer Venue, and Brief in Support Thereof, Docket Entry No. 16, p. 4. Plaintiff alleges, among other things, that no coverage exists because Hunter was operating the vehicle in the course and scope of his employment at the time of the accident.  Original Complaint for Declaratory Judgment, Docket Entry No. 1, p. 6 ¶ 21.  Defendants Hunter and Hunter Petroleum, Inc., deny this allegation.  Defendant Darius Crayton Hunter's and Defendant Hunter Petroleum, Inc.'s Original Answer, Counterclaim and Jury Demand, Docket Entry No. 10, p. 5 ¶ 21.  Therefore, Hunter's

over 200 miles each way.  RLI is an Illinois corporation with its principal place of business there.[5]  Furthermore, the basis for possible liability under the RLI policy (the motor vehicle accident) happened in Duval County, Texas, which is assigned to the Corpus Christi Division.  This case and its parties therefore have no meaningful connection to Houston.  Although federal courts have traditionally given weight to plaintiff's choice of forum (see, e.g., Gulf Oil Corp. v. Gilbert, 67 S. Ct. 839 (1947)), RLI has no connection to Houston and the other factors of convenience weigh in favor of transfer.[6]  Cf. In re Volkwawgen AG, 371 F.3d 201 (5th Cir. 2004) (holding that transfer was appropriate in a personal injury case where the proposed district was the place of the accident and the residence of the motorist, two personal third-party defendants and numerous fact witnesses, the existing district had no meaningful connection with the circumstances of the case, and the proposed district was approximately 400 miles from the plaintiff's district of choice).

---

testimony may be necessary to resolve this factual issue.

[5] Id.

[6] RLI argues that it is more convenient for its counsel, who reside in Dallas, to travel to Houston than to Corpus Christi because it is farther away and would require taking connecting flights.  Affidavit of Richard C. Bargon, attached to Docket Entry No. 16, Exhibit A.  However, "the word 'counsel' does not appear in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."  In re Volkswagen AG, 371 F.3d at 206.

### III.  Conclusion and Order

For the reasons stated above, the court concludes that transfer to the Corpus Christi Division of the Southern District of Texas is appropriate under 28 U.S.C. § 1404(a).  Accordingly, Defendants' Motions to Transfer Venue (Docket Entry Nos. 11 and 13) are **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Corpus Christi Division.

**SIGNED** at Houston, Texas, on this 19th day of June, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE